# THE WASHINGTON GAS LIGHT CO.
## *v.*
# ECKLOFF.

### CONTRIBUTORY NEGLIGENCE.

Where an inspector of water meters while examining a meter by means
of a lighted candle in a shed on the premises of a gas light com-
pany and in company with officers of the company, who had
assured him there was no danger in so doing and had demon-
strated that such was the fact, by themselves lighting matches
first, was injured by the explosion of gas which had accumu-
lated in the shed, it was *held* that the fact that the inspector
apprehended danger in making the examination was not con-
clusive evidence of contributory negligence on his part; and that
the question was one for the jury; *following* Gas Light Co. *v.*
Eckloff, 4 App. D. C. 174.

No. 479.   Submitted November 21, 1895.   Decided December 6, 1895.

HEARING on an appeal by the defendant from a judgment
on verdict in an action to recover damages for personal in-
juries. *Affirmed*

The facts are sufficiently stated in the opinion.

*Messrs. Webb & Webb* and *Mr. Harris Lindsley* for the
appellant:

The voluntary conduct of the plaintiff in exposing himself
to a known and appreciated risk is the interposition of an
act which as between the parties makes the defendant's act,
in its aspect as negligent, no longer the proximate cause of
the injury. *Fitzgerald* v. *Railroad Co.*, 155 Mass. 156;
*Burrows* v. *March Gas Co.*, L. R. 5 Exch. 70; *Lannen* v.
*Gas Co.*, 44 N. Y. 463.

One cannot recover damages for an injury caused by the
negligence of another, if by his own want of ordinary care,
before or at the time of the injury, he contributed proxi-

mately to produce the injury. *Railroad Co.* v. *Didzoneit,* 1
App. D. C. 482 ; *Railroad Co.* v. *Ives,* 144 U. S. 408 ; *But-
terfield* v. *Forrester,* 11 East, 60 ; *Bridge* v. *Railway Co.,* 3
M. & W. 245 ; *Filer* v. *Railroad Co.,* 49 N. Y. 51.

While extraordinary care is not be required of a plaintiff
who brings an action of negligence, it is held that the slight-
est want of ordinary care contributing proximately to the
injury will defeat plaintiff's action. Beach on Contributory
Negligence, sec. 23 ; *Bloor* v. *Delafield,* 69 Wis. 273 ; *Cre-
mer* v. *Portland,* 36 Wis. 92 ; *Dreher* v. *Fitchburg,* 22 Wis.
643 ; *Hammond* v. *Mukwa,* 40 Wis. 35. The plaintiff did
not use ordinary care to protect himself from injury, and
cannot recover damages.

The law accounts it negligence for one, unless under com-
pulsion, to cast himself upon a known peril from which a
prudent person might reasonably anticipate injury. *Morri-
son* v. *Commissioners,* 116 Ind. 433 ; *Railway Co.* v. *Pinchin,*
112 Ind. 596 ; *Railroad Co.* v. *Casper,* 112 Ind. 29 ; *Rail-
road Co.* v. *Swift,* 26 Ind. 476 ; *Railroad* v. *Randolph,* 53
Ill. 513.

In estimating the question of the contributory negligence
of a plaintiff in a given case, the court is bound to instruct
the jury that they must weigh the individual case and judge
of the plaintiff's conduct with due regard to his mental
equipment, experience and knowledge. When an individ-
ual is shown to have a higher degree of knowledge than
the mass of the people, or a greater experience or any
especial familiarity with the danger, it is only right that he
should be held to the responsibility of the full use of that
individual experience, familiarity or expert knowledge in the
special instance. *Greenwell* v. *Market Co.,* 21 D. C. 298.
This individual knowledge once established cannot be sur-
rendered at the suggestion of another man of a different
opinion or a slightly higher grade of experience. Eckloff
was sure that gas was present where he lit his candle. He
now seeks to escape the responsibility for his action by lay-
ing the blame upon the superintendent of the company, Mr.

Lansden. One cannot recover for injuries resulting from failure to make a reasonable exercise of his faculties to avoid danger. *Stone Co.* v. *O'Brien*, 40 N. E. 431 ; *Gas Works* v. *Robinson*, 99 Pa. St. 1 ; *Kibele* v. *Philadelphia*, 105 Pa. St. 41 ; *Railroad Co.* v. *Houston*, 95 U. S. 697 ; *Lanigan* v. *Gas Light Co.*, 71 N. Y. 29; *Clements* v. *Electric Light Co.* 16 L. R. A. 43.

Where, with a full knowledge of the facts and elements one is of the opinion and is convinced that a certain contemplated action on his part would place him in danger of great bodily harm, and gives up his own opinion and accepting the opinion of another does the contemplated act which he knows is dangerous, the first party does not exercise the ordinary care which is necessary in order to free him from the imputation of contributory negligence. *Railroad* v. *Sykes*, 96 Ill. 173 ; *Railroad* v. *Boyer*, 97 Pa. St. 102 ; *Railway Co.* v. *Krouse*, 30 Ohio, 239 ; *Railroad* v. *Spring*, 13 Ill. App. 174.

*Mr. Geo. E. Hamilton* and *Mr. M. J. Colbert* for the appellee .

Mr. Justice SHEPARD delivered the opinion of the Court:

On a former appeal of the defendant in this case we reversed the judgment for a single error found in the charge. 4 App. D. C. 174. The history of the case is fully and fairly stated in the opinion then delivered by the Chief Justice, to which reference is here made. The only other error then urged was the refusal of the court to direct a verdict for the defendant because of the insufficiency of the evidence to show any liability. Upon careful consideration of the facts, as then presented by the record, we held that the instruction had been properly refused. Mr. Justice MORRIS, having been of counsel in the case, declined to sit and Chief Justice BINGHAM, of the Supreme Court of the District of Columbia, was duly chosen in his stead. He also presided in the special term on the last trial, and ap-

pears to have closely conformed, throughout the proceedings, to the rules enounced in the opinion on the former appeal, in which he concurred.

There are several errors assigned, but the substantial question raised by all is, whether there was error in the refusal to direct a verdict for the defendant, because, as contended, "the evidence showed, as a matter of law, that the accident was due to the want of ordinary care on the part of the plaintiff, and in no sense to any negligence on the part of the defendant."

As we took occasion to announce on the argument, unless there is some substantial difference shown between the evidence given on the first trial and that on the last, the point must be considered as settled, and not subject to re-examination. Counsel for the appellant admit that there is no substantial difference in so far as the question of the defendant's negligence is concerned, but contend that there is as regards the evidence of the plaintiff's contributory negligence. The whole question turns upon the plaintiff's own testimony as to his knowledge of the danger to which he exposed himself in the attempted examination of the water meter.

A careful re-examination of the record on the former appeal, and its comparison with the one before us, has satisfied us that the contention, though plausible, is without substantial foundation. On the former trial, the plaintiff said that he suspected the existence of illuminating gas in the house, and it very plainly appears that he was afraid to light his candle for the inspection of the meter because of apprehended explosion. He made inquiry of the assistant superintendent, and with him and another employee of the defendant returned to the spot. They assured him that the odor came from sewer gas, and that there was no danger, as it is non-explosive. They lit one or two matches, and held them over the shallow pit in which the meter stood, without any dangerous consequences. The plaintiff said that, relying on the knowledge and experience of these em-

ployees, who were in charge of the premises, and the experiment with the match, he lit his candle and held it down near the face of the meter, when the explosion that caused his injuries followed.

From the present record, it appears that the plaintiff testified on his direct examination about as he had before, and that he was then cross-examined more closely. He said that he knew the difference between the smell of " drip gas " and the purifying lime, and the illuminating gas ; that when he came inside the building he smelt illuminating gas, and thought it was there in dangerous quantities ; that he thought it dangerous all around, as well as at the pit, and was afraid to strike a match anywhere inside the building. When Lansden and Hicks, expert employees of the defendant, familiar with the premises, came and said there was no danger, he felt confidence in their statements, though he was both astonished and frightened when he saw them light the match, and called—" yelled "—to them, as he described it : " Don't light that ; you will blow us all up." Twice matches were lighted, and still no explosion occurred. There was nothing to cause him to fear danger in the small pit more than at any other point in the house ; and the employees aforesaid had lighted their matches and held them over it without accident. With respect to the plaintiff's apprehension or knowledge of danger, there is no substantial difference in the two records ; the present simply brings out the fact more fully and certainly. The testimony as to this was ample in the first record to have warranted the conclusion that he was guilty of contributory negligence, had there been no evidence tending to excuse him, notwithstanding his apprehension of danger. But there was then, as now, evidence tending to excuse his action and to remove the presumption of his negligence which was sufficient to require the whole question to be submitted to the jury.

Counsel for appellant lay too much stress upon the fact that the plaintiff detected the presence of explosive gas in the building and was satisfied of the danger of making a

light.    If, as said before, there were no other facts to be considered in connection with that; if the plaintiff, without the advice and encouragement of the defendant's expert employees who exposed themselves to the same danger, and without their partial demonstration of the groundlessness of his apprehensions of explosion from the lighting of the match, had deliberately taken the chances of injury through lighting his candle and thrusting it into the meter pit, the conclusion as to his contributory negligence would have reasonable foundation.    But there were other facts, the importance of which in their bearing upon the plaintiff's conduct must not be ignored.    The two experts went with the plaintiff to the house to investigate the conditions which he represented to exist.    The whole was matter of opinion and judgment necessarily.    These experts were positive that there was no danger.    Equally exposed to the consequences as was the plaintiff, they lighted one match and then another, and held them over the pit, and yet no explosion followed.    Having demonstrated to the plaintiff that he was in error as to the danger of explosion from lighting the matches, he was encouraged to light his candle and hold it in the pit.    These facts, we thought then, and think now, made it proper and necessary to submit the question of contributory negligence to the jury; and this was done in a charge free from error.

We do not mean to be understood as saying that one can close his eyes to apparent danger, simply because of the opinion or advice of others, and relieve himself of the consequences.    This is not a case of that kind.

The third prayer asked by the defendant was properly refused.    Its practical effect was the same as the general prayer to direct a verdict for the defendant.    In so far as it directed attention to the former occupation of the plaintiff as a plumber and to his knowledge of and experience with explosive gas, it was fully covered in the second special prayer which the court read to the jury.

The sixth prayer which was requested and refused, was

a substantial instruction to the jury to return a verdict for the defendant, and therefore properly refused for the reasons given.

It follows that *the judgment must be affirmed with costs to the appellee; and it is so ordered.*

Mr. Justice MORRIS did not sit in the hearing of this case and took no part in its decision ; Mr. Justice McCOMAS, of the Supreme Court of the District of Columbia, sat in his stead.—REPORTER.